

**NUMBER 13-13-00085-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **STATE OF TEXAS,** | **Appellant,** |
| **v.** | |
| **T.W. LEE NELSON,** | **Appellee.** |

### On appeal from the 28th District Court
### of Nueces County, Texas.

## Order of Abatement

### Before Justices Benavides, Perkes, and Longoria
### Order Per Curiam

This case is before this Court on the State's appeal of the trial court's order granting appellee's motion to suppress. *See* TEX. CODE CRIM. PRO. ANN. art. 44.01(a)(5) (West Supp. 2011). For the reasons set forth below, we abate.

### A. Applicable Law

Upon the timely request of the losing party in a motion to suppress, the trial court is required to issue findings of fact and conclusions of law "adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011) (citing *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006)).

### B. Standard of Review

We give almost total deference to the trial court's finding of historical fact so long as the record supports them, especially when the findings "are based on an evaluation of credibility and demeanor." *Id.* at 673. The Texas Court of Criminal Appeals has explained that when the trial court's findings of historical fact are ambiguous, instead of assuming that the trial court found a certain way, the better course is to remand to the trial court for supplemental findings of fact. *State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012) ("Just as the trial judge was best positioned to evaluate the officer's credibility at the hearing, so she is in the best position to clarify her ambiguous factual findings.").

### C. Discussion

The trial judge found that Nelson was detained at the time Officer Saldana stopped his patrol vehicle. On appeal, the State challenges this ruling. However, the trial judge did not articulate the rationale for her ruling. Specifically, she did not explain how Officer Saldana's conduct in stopping his patrol vehicle caused Nelson, a pedestrian who was walking on a sidewalk, to be detained.

2

We note that "a person has been seized when a reasonable person in his position would believe he is not free to leave." *Johnson v. State*, 912 S.W.2d 227, 234 (Tex. Crim. App. 1995) (en banc). "A show of authority, without an application of physical force, to which a suspect does not yield is not a seizure under the Fourth Amendment." *Id.* "[A] person has not been seized until he has yielded to a law enforcement officer's show of authority or when officers physically limit his movement." *Id.*

With the foregoing in mind, we respectfully request that the trial judge issue supplemental findings of fact and conclusions of law to clarify the basis for her ruling with respect to how and when Officer Saldana detained Nelson. In doing so, we recognize that the trial judge heard conflicting testimony from Officer Saldana and Nelson about what happened on the night in question.

For instance, Officer Saldana testified that he stopped his patrol vehicle—and with his window rolled down—merely asked Nelson the question, "Hey man, you okay?" If the trial judge accepted this version of events, it is unclear how a detention could have been effectuated, unless the judge found that Nelson submitted to the officer's authority because the officer made such a showing of authority that, given the totality of the circumstances, a reasonable person in Nelson's position would believe he is not free to leave. But again, it is unclear how Officer Saldana made such a showing or if Nelson yielded to it. However, we recognize that the trial judge did not necessarily accept Officer Saldana's testimony—specifically, that he asked the question, "Hey man, you okay?" She could have found that Officer Saldana said something else or that he asked a question that was actually more of a command, such as "Hey man, come on up here

3

and talk to me up here," as Officer Saldana also testified that he asked later. Again, the judge's findings and conclusions are silent on these points, and the more prudent approach is to seek clarification from the judge rather than base our decision on assumptions that could be entirely incorrect.

In contrast, Nelson testified that Officer Saldana exited his patrol vehicle, approached Nelson, asked him if he was walking home, and then physically limited Nelson's movement by grabbing his wrist. If the trial judge accepted this version of events, then we trust that she will enter findings stating that Officer Saldana physically limited Nelson's movement. But we recognize that in this scenario, the detention would have occurred after Officer Saldana stopped his patrol vehicle, not contemporaneously with it as the trial court originally found. Again, if the trial judge accepted Nelson's version of events in this regard, we trust that she will amend her findings to state that the detention occurred when Officer Saldana physically limited Nelson's movement.

We recognize that the trial judge is the sole finder of fact in the hearing on a motion to suppress. *Mendoza*, 365 S.W.3d at 669. She is free to accept or reject all or any part of a witness's testimony. *Id.* It is her role to resolve conflicts in the testimony and to determine the weight to be given to the evidence. *Id.* We also note that the conflicting testimony pertains to historical facts, which form the totality of the circumstances. And we will give virtually total deference to the trial court's findings of historical facts as long as the record supports them, especially when they are based on an evaluation of credibility and demeanor. *Elias*, 339 S.W.3d at 674. However, we are required to seek clarification from the trial judge regarding the basis for her ruling since the rationale is

4

ambiguous or unclear, the evidence was conflicting, and we are uncertain about whether the judge found that the detention occurred when Officer Saldana stopped his patrol vehicle or subsequently, after other events occurred.

Accordingly, we abate the case and remand to the trial court for the entry of supplemental findings and conclusions on these issues. *See* TEX. R. APP. P. 44.4(b). The supplemental findings and conclusions should be included in a supplemental clerk's record and filed with this Court within thirty days of the date of this order. If the judge cannot comply with this order within the time specified, we respectfully request that she advise this Court regarding the amount of additional time needed to comply.

It is so ORDERED

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of November, 2013.

5